| | |
|---|---|
| JANE DOE,                                          )<br>                                                              )<br>          Plaintiff,                               )<br>                                                              )<br>vs.                                                          )<br>                                                              )<br>GRUNDY COUNTY, TENNESSEE,      )<br>CLINT SHRUM, in his capacity as     )<br>Sheriff for Grundy County, and         )<br>MARK NUNLEY,                               )<br>in his capacity as Sheriff's Deputy    )<br>and individually.                                )<br>          Defendant.                           )<br>                                                              ) | No.<br><br>CAUSES OF ACTION:<br>Civil Rights Violations<br><br>Jury Trial Demanded |

# COMPLAINT

Comes now the Plaintiff, Jane Doe, by and through her attorney of record, pursuant to 42 U.S.C. § 1983, Tenn. Code Ann. § 29-30-101 et seq., and Tenn. Code Ann. § 8-8-302, and would file this Complaint against the Defendants, Grundy County, Sheriff Clint Shrum in his official capacity, and Mark Nunley, individually and in his capacity as a former deputy for the Grundy County Sherriff's Department. In support of her Complaint, Plaintiff would show as follows:

      1.      Plaintiff, Jane Doe, is a resident of Grundy County, Tennessee who was an inmate at Grundy County Jail from December 11, 2017 to October 11, 2019 in the care, custody, and control of Sherriff Clint Shrum. Plaintiff is no longer incarcerated.

      2.      Defendant, Mark Nunley was a sheriff's deputy at the Grundy County Sherriff's Department at all times relevant to this Complaint.

      3.      Defendant, Grundy County, is a political subdivision of the State of Tennessee.

4. This action arises out of the mistreatment suffered by the Plaintiff at the hands of the Defendants in Grundy County, Tennessee.

5. This action arises under the United States Constitution and under the laws of the United States of America, particularly under the provisions of the Eighth and Fourteenth Amendments of the United States Constitution, and particularly under the Civil Rights Act, codified at 42 U.S.C. § 1983 et seq., as well as Tenn. Code Ann. 8-8-302.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

7. Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(2) because all of the events related to this case occurred in this District.

8. Plaintiff was being held at the Grundy County Jail for a violation of her parole, serving a sentence of one year which was to be reviewed by the Board of Parole after the year had expired.

9. Defendant, Deputy Mark Nunley, was in charge of overseeing a group of female inmates who were chosen by him to clean up the sides of the roadways five to six days a week ("Road Crew").

10. Around the end of January 2018, Plaintiff was chosen by Defendant, Deputy Mark Nunley, to be on Road Crew with five or six other female inmates.

11. Jane Doe was also one of three female inmates who were chosen by Deputy Nunley to clean the court house once a week.

12. Deputy Nunley referred to Jane Doe as "bubbles" or "bubble butt" in front of the other inmates and employees of the Grundy County Sheriff's Department.

13. At the time Plaintiff was put on Road Crew, Defendant Nunley was in a relationship with another inmate; a fact that was known to inmates and deputies alike. The relationship was understood amongst other inmates to be consensual. Plaintiff witnessed that Deputy Nunley and the inmate would engage in sexual activity, while the other girls picked up the trash on the side of the road.

14. Defendant Nunley maintained a reputation for bestowing gratuity upon female inmates that he sexually assaulted. Defendant Nunley would purchase food, makeup, and other items for the girls which they referred to as "hush food."

15. After the other inmate was released in late June or early July of 2018, Defendant Nunley, while acting under the color of state law, began sexually assaulting the other women while they were out on Road Crew.

16. Plaintiff was sexually assaulted on a nearly weekly basis from July 2018 to February 2019, for up to three hours at a time. During these instances, Defendant Nunley would penetrate the Plaintiff with his fingers, force the Plaintiff to perform oral sex, and force the Plaintiff to change clothes in front of him and to change her tampon while he watched. Defendant Nunley would not stop unless he believed Jane Doe to have had an orgasm. All of these actions were taken without the Plaintiff's consent.

17. Jane Doe was first sexually assaulted in the cab of the work truck while driving with the Road Crew. One inmate was in the backseat at the time and all other inmates were in the bed of the truck. Jane Doe told Defendant Nunley to stop, to which he replied that she should "shut up, sit back and enjoy it."

18. The last time Jane Doe was assaulted while on Road Crew was the week of Christmas 2018 when he took the Road Crew to dump the trash. Deputies and officers at the

Grundy County Sheriff's Department knew inappropriate activity had occurred, as evidenced by the fact that upon the return of the Road Crew, the Officers made comments that it took two hours to dump trash in a dumpster that was in walking distance.

19. Jane Doe was forced to give oral sex to the Deputy on two occasions.

20. The first time Jane Doe was forced into giving Deputy Nunley oral sex was in the truck while Road Crew was on Cagle Mountain in June of 2018.

21. Jane Doe was forced to give oral sex for the second time while the Road Crew was in Skymont, Tennessee in the fall of 2018.

22. In addition to the sexual assault, Defendant Nunley also would physically assault the Plaintiff with switches on her legs during the time in question.

23. Life in the Grundy County Jail is difficult. The banality of this existence amplifies the significance of being able to work outside of the jail on the Road Crew every day. It was precisely these enticements Defendant Nunley used to coerce Plaintiff.

24. In addition, the female inmates build relationships while incarcerated and several of the members of Road Crew looked up to Jane Doe as a mother figure while they were in jail. Once Jane Doe understood that Defendant Nunley expected sex and would sexually assault other younger members of the Road Crew on the days she would refuse him, she felt she had no choice but to protect the younger girls from his assaults. Due to these concerns and fear of what would happen if she refused, Jane Doe acquiesced.

25. Plaintiff avers that the Grundy County Sheriff's Department knew of Defendant Nunley's actions and was deliberately indifferent to Defendant Nunley's actions towards inmates at the Grundy County Jail.

26. As previously stated, Defendant Nunley was known to be in a relationship with a prior inmate. Upon that inmate's release, Defendant Nunley began assaulting other women such as the Plaintiff to the point that they had excessive bleeding and tenderness, urinary tract infections, and bacterial infections. Medical staff at the jail stated the issues were symptomatic of a sexually active female.

27. Jane Doe received employment at a local factory on January 3, 2019, which meant she was no longer on Road Crew and did not need to clean the court house any longer.

28. However, Defendant Nunley would wait for her to get off of work and then order her and two other women to go with him to clean the Grundy County Courthouse in the evening when the court was closed and they would be alone. Jane Doe asked not to have to go, but was refused. Defendant Nunley would sexually assault her in the upstairs bathroom of the Grundy County Courthouse.

29. While Jane Doe would clean the Court House Defendant Nunley continued to sexually assault her in the ways previously mentioned. This occurred throughout January of 2019.

30. Jane Doe never wanted to have sexual contact with Defendant Nunley. However, she was afraid of what would happen if she if she did not acquiesce to his demands.

31. Jane Doe never engaged in sexual activity with Defendant Nunley following her release from the Grundy County Jail.

32. Plaintiff avers that the Grundy County Sheriff's Department knew of Defendant Nunley's actions and displayed an attitude of deliberate indifference to the sexual abuse suffered by Jane Doe and others.

33. The Sheriff's Department employees began to harass Jane Doe for making statements to the Tennessee Bureau of Investigation investigator who was hired to look into the allegations purportedly made by another inmate.

34. Jane Doe was moved to a jail in McMinnville, Tennessee for approximately nine days. Upon her return, several items of her personal property had been taken by the employees of Defendant Grundy County.

35. Upon returning to work at her place of employment, an employee of Defendant Grundy County would search her car and attempt to get Jane Doe into trouble for violating the work program agreement. None of these allegations were ever substantiated and Jane Doe was never subject to discipline for these false allegations.

36. Defendant, Grundy County, through their Sheriff's Department did not exercise ordinary and reasonable care and protection for the Plaintiff while she was in their custody. Through their actions, Defendant Nunley was not prevented from raping the Plaintiff on numerous occasions over the six-month period.

37. Furthermore, Grundy County abandoned and failed to enforce policies and customs designed to safeguard against the known risk of sexual abuse of female inmates by male deputies, and also maintained certain customs, including but not limited to:

    a. Having a policy, custom, and usage of failing to train and supervise its deputies regarding correctional officer interactions with female prisoners;

    b. Failing to enforce or enact a policy requiring County employees to report sexual abuse of inmates;

c. Failing to train officers and employees of the Grundy County Sheriff's Department on the known risks of sexual abuse that are present in all correctional facilities;

d. Failing to train officers of the Grundy County Sheriff's Department on their duty to protect inmates from sexual abuse by guards, officers, and authority figures;

e. Failing to have or enforce a policy which could identify guards, officers, and other members of the Grundy County Sheriff's Department who are abusing the inmates;

f. Failing to have or enforce a policy which would prevent the taking of inmates away from the jail by a single member of the Grundy County Sheriff's Department;

g. Maintaining the customs which permitted male officers, including Defendant Nunley, to have unrestricted and secluded access to female inmates, including the Plaintiff;

h. Maintaining the customs permitting employees of the Grundy County Sheriff's Department to ignore the pattern of constitutional violations by the Defendant, including the sexual abuse of the Plaintiff;

i. Failing to maintain a safe environment at the jail, despite the commonly recognized risks and dangers of sexual abuse of inmates by those who guard them.

38. On the trips away from the jail, Jane Doe was completely under the control of the Defendant Nunley. The Road Crew was effectively Defendant Nunley's slaves, and he treated them as such.

39. Jane Doe rightfully believed that no one would help her and she would be the one in trouble if she complained.

40. Jane Doe is in need of counseling and treatment as a result of the abuse inflicted by Defendant Nunley.

41. Jane Doe's injury was foreseeable as it had happened to prior inmates with the knowledge of the Grundy County Sheriff' Department, which failed to institute or enforce a policy against such action or to remove Defendant Nunley from his position that permitted him to spend up to ten hours a day or more with the Road Crew unsupervised with no oversight.

## COUNT I: VIOLATION OF JANE DOE'S RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT AND RIGHT TO BODILY INTEGRITY PURSUANT TO THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION (42 U.S.C. § 1983) (DEFENDANT NUNLEY)

42. Plaintiff hereby incorporates all allegations above as if restated herein verbatim.

43. Defendant Nunley's sexual abuse of the Plaintiff (once adjudicated guilty and serving a sentence) violates the prohibition against cruel and unusual punishment of the Eighth Amendment to the United States Constitution.

44. Defendant Nunley's sexual abuse of the Plaintiff (during any time she was pretrial detainee) violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

45. Defendant Nunley acted under color of law in all acts described above.

46. Defendant Nunley coerced the Plaintiff into involuntary sexual activity repeatedly as described above, in violation of the rights above stated.

# COUNT II: VIOLATION OF THE RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT, 42 USC § 1983
# DIRECT LIABILITY AND DELIBERATE INDIFFERENCE FOR FAILURE TO ACT, FAILURE TO TRAIN, AND FAILURE TO MAINTAIN A SAFE ENVIRONMENT AT THE JAIL
### (DEFENDANT GRUNDY COUNTY and DEFENDANT CLINT SHRUM, IN HIS CAPACITY AS SHERIFF FOR GRUNDY COUNTY)

47. Plaintiff hereby incorporates by reference all paragraphs above as if restated herein verbatim.

48. The Defendant Grundy County and Defendant Clint Shrum, as Sheriff, violated the Plaintiff's right to Due Process and to be free from cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution by:

   a. Having a policy, custom, and usage of failing to train and supervise its deputies regarding correctional officer interactions with female prisoners;

   b. Failing to enforce or enact a policy requiring Grundy County employees to report sexual abuse of inmates;

   c. Failing to train officers of the Grundy County Sheriff's Department on the known risks of sexual abuse that are present in all correctional facilities;

   d. Failing to train officers of the Grundy County Sheriff's Department on their duty to protect inmates from sexual abuse by guards, officers, and authority figures;

   e. Failing to have or enforce a policy which could identify guards, officers, and other members of the Grundy County Sheriff's Department who are abusing the inmates;

   f. Failing to have or enforce a policy which would prevent the taking of inmates away from the jail by a single member of the Grundy County Sheriff's Department;

g. Maintaining the customs which permitted male officers, including Defendant Nunley, to have unrestricted and secluded access to female inmates, including the Plaintiff;

h. Maintaining the customs permitting employees of the Grundy County Sheriff's Department to ignore the pattern of constitutional violations by the Deputy, including the sexual abuse of the Plaintiff;

i. Failing to maintain a safe environment at the jail, despite the commonly recognized risks and dangers of sexual abuse of inmates by those who guard them.

49. Defendant Grundy County is directly liable for the policies and customs of the Grundy County Sheriff's Department.

50. These customs, policies, and usages presented an objective risk of physical harm and sexual abuse to the inmates of the Grundy County Jail.

51. Throughout the chain of command at the Grundy County Sheriff's Department, officers knew that these policies presented a major risk to the safety and bodily integrity of the inmates.

52. Even outside the Sheriff's Department, officials in the Grundy County government knew or should have known (a) that the aforementioned customs existed, (b) that these customs and policies presented a major risk of physical harm and sexual abuse to the female inmates of the Grundy County Jail, and (c) that Defendant Nunley displayed a pattern of violating the federally protected constitutional rights of the inmates of the Grundy County Jail.

53. Nonetheless, all Grundy County officials and employees with the knowledge of these customs, the associated risks, and the prior unconstitutional acts of Deputy Nunley chose to disregard these risks with deliberate indifference to the plight of the inmates abused in the Grundy County Jail.

54. These violations of the Plaintiff's constitutional rights set forth in the preceding paragraphs were done with deliberate indifference and in violation of clearly established laws prohibiting cruel and unusual punishment against jail inmates.

**COUNT III: VIOLATION OF THE RIGHT TO BE FREE FROM SEXUAL ABUSE AND THE RIGHT TO BODILY INTEGRITY 42 USC § 1983**
**DIRECT LIABILITY AND DELIBERATE INDIFFERENCE FOR FAILURE TO ACT, FAILURE TO TRAIN, AND FAILURE TO MAINTAIN A SAFE ENVIRONMENT**
**(DEFENDANT GRUNDY COUNTY and DEFENDANT CLINT SHRUM, AS SHERIFF FOR GRUNDY COUNTY)**

55. Plaintiff hereby incorporates by reference all paragraphs above as if restated herein verbatim.

56. The Defendant Grundy County and Defendant Clint Shrum, as Sheriff for Grundy County, violated the Plaintiffs' rights to be free from sexual abuse at the hands of a public official and the right to bodily integrity pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution by:

   a. Having a policy, custom, and usage of failing to train and supervise its deputies regarding correctional officer interactions with female prisoners;

   b. Failing to enforce or enact a policy requiring Grundy County employees to report sexual abuse of inmates;

   c. Failing to train officers of the Grundy County Sheriff's Department on the known risks of sexual abuse that are present in all correctional facilities;

   d. Failing to train officers of the Grundy County Sheriff's Department on their duty to protect inmates from sexual abuse by guards, officers, and authority figures;

e. Failing to have or enforce a policy which could identify guards, officers, and other members of the Grundy County Sheriff's Department who are abusing the inmates;

f. Failing to have or enforce a policy which would prevent the taking of inmates away from the jail by a single member of the Grundy County Sheriff's Department;

g. Maintaining the customs which permitted male officers, including Defendant Nunley, to have unrestricted and secluded access to female inmates, including the Plaintiff;

h. Maintaining the customs permitting employees of the Grundy County Sheriff's Department to ignore the pattern of constitutional violations by Deputy Nunley, including the sexual abuse of the Plaintiff;

i. Failing to maintain a safe environment at the jail, despite the commonly recognized risks and dangers of sexual abuse of inmates by those who guard them.

57. These customs, policies, and usages presented an objective risk of physical harm and sexual abuse to the inmates of the Grundy County Jail.

58. Throughout the chain of command at the Grundy County Sheriff's Department, officers knew that these policies presented a major risk to the safety and bodily integrity of the inmates.

59. Even outside the Sheriff's Department, officials in the Grundy County government knew or should have known (a) that the aforementioned customs existed, (b) that these customs and policies presented a major risk of physical harm and sexual abuse to the female inmates of the Grundy County Jail, and (c) that Defendant Nunley displayed a pattern of violating the federally protected constitutional rights of the inmates of the Grundy County Jail.

60. Nonetheless, all Grundy County officials and employees with the knowledge of these customs, the associated risks, and the prior unconstitutional acts of Deputy Nunley chose

to disregard these risks with deliberate indifference to the plight of the inmates abused in the Grundy County Jail.

60. Defendant Grundy County's conduct is so outrageous that it shocks the conscience.

61. Defendant Grundy County is directly liable for the policies and customs of the Grundy County Sheriff's Department.

62. These violations of the Plaintiff's constitutional rights set forth in the preceding paragraphs were done with deliberate indifference and in violation of clearly established laws prohibiting the involuntary invasions of the Plaintiff's bodily integrity.

## COUNT IV: VIOLATION OF THE RIGHT TO DUE PROCESS PURSUANT TO THE FOURTEENTH AMENDMENT STATE CREATED DANGER 42 U.S.C. 1983
**(DEFENDANT GRUNDY COUNTY and DEFENDANT CLINT SHRUM, AS SHERIFF FOR GRUNDY COUNTY)**

63. Plaintiff hereby incorporates by reference all paragraphs above as if restated herein verbatim.

64. The ultimate policymaker for the Grundy County Jail set the above-described customs and policies into place such that female inmates of the Grundy County Jail may be sexually abused.

65. The policies, customs, and usages described above created an environment of danger and extreme vulnerability to sexual predation upon female inmates of the Grundy County Jail.

66. Members of Grundy County Sheriff's Department both permitted and facilitated the Deputy to seclude himself alone with Jane Doe, even after many knew that he was sexually abusing the inmates.

67. These actions were taken with deliberate indifference to the Plaintiff's federally protected constitutional rights as described in Count II and Count III.

68. The policies, customs, and usages of the Grundy County Sheriff's department evidence deliberate indifference to the dangers posed to inmates of the jail.

69. This state-created danger proximately caused the continuous campaign of sexual abuse against the Plaintiff.

## COUNT V: SEXUAL ASSAULT AND BATTERY (TENN. CODE ANN. 8-8-302)
## (DEFENDANT GRUNDY COUNTY)

70. Plaintiff hereby incorporates by reference all paragraphs above as if restated herein verbatim.

71. Defendant Grundy County is a county of the State of Tennessee with its county seat in Altamont.

72. At all dates and times mentioned above and herein, Defendant Nunley directed, demanded, and perpetrated the above-described sexual acts under his authority as a deputy for the Grundy County Sheriff's Department.

73. All above-described sexual acts between Defendant Nunley and Jane Doe were the product of coercion and were thus nonconsensual.

74. Grundy County is liable for these actions pursuant to Tenn. Code Ann. § 8-8-302.

# COUNT VI: INTENTIONAL AND RECKLESS INFLICTION OF EMOTIONAL DISTRESS BY COUNTY DEPUTIES (TENN. CODE ANN. 8-8-302)

**(DEFENDANT GRUNDY COUNTY and DEFENDANT CLINT SHRUM AS SHERIFF FOR GRUNDY COUNTY)**

75. Plaintiff hereby incorporates by reference all paragraphs above as if restated herein verbatim.

76. All County Deputy Sheriffs who abided by the above-described customs and those who facilitated the sexual abuse of the Plaintiff by Defendant Nunley demonstrated reckless conduct so outrageous that it cannot be tolerated by civilized society.

77. The Deputy Sheriffs were aware of the substantial and unjustifiable risks to female inmates, including the Plaintiff, created by their actions and failures to act pursuant to the customs of the Grundy County Sheriff's Department.

78. As a result of the Deputy Sheriffs' above-described conduct, the Plaintiff suffered serious mental injury, including public shame and humiliation, depression, and loss of enjoyment of life.

79. The Plaintiff is permitted to bring suit directly against Grundy County for this claim pursuant to Tenn. Code Ann.§ 8-8-302.

## DAMAGES

80. As a result of the Defendants' unlawful actions described in each Count above, Jane Doe has suffered

   a. Deprivation of the rights guaranteed to them by the United States Constitution and the laws of the United States;

   b. Physical pain and discomfort;

c. Emotional distress and anxiety, including but not limited to the constant worry and unease resulting from the public knowledge of the Plaintiff's sex with the Deputy, along with the constant fear of reprisal that persists to the present date;

d. Shame and humiliation that the Plaintiff was sexually penetrated and abused by the Deputy, and the dread that other community members may ostracize them as a result of the Deputy's sexual abuse;

e. Past, present and future medical expenses;

f. Sleeplessness and depression; and

g. Loss of enjoyment of life because of the memories of the unspeakable acts the Deputy perpetrated upon her.

WHEREFORE, Plaintiff prays

1. That proper process be served on the Defendants requiring them to provide answer to the same under oath.

2. That this cause be tried by a jury.

3. That a judgment enter for Jane Doe on each count.

4. That the Plaintiff be awarded all damages to which it may appear she is entitled by the proof submitted in this cause, including nominal, compensatory, and punitive damages.

5. That the Plaintiff be awarded attorney's fees pursuant to 42 U.S.C. § 1988, plus compensation for any expert fees and other costs reasonably expended in pursing this matter.

6. That the Plaintiff be awarded the maximum amount allowed by law for the claims pursuant to Tenn. Code Ann. 8-8-302.

7. That the Plaintiff be awarded pre- and post-judgment interest.

8. That costs be taxed to the Defendants.

9. That the Plaintiff be awarded all other relief to which it may appear she is entitled, the interests of justice demanding it.

Respectfully submitted this the ___ day of ____ 2019,

                                                    /s/ William A. Lockhart
Burch & Lockhart
William A. Lockhart #32227
200 S. Woodland Street
Manchester, Tennessee 37388
931-723-7997
Willa.lockhart@gmail.com